UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIR S. IQBAL; SF FUEL, LLC; and SUNSHINE GROUP TRAVEL CENTER, INC.;<br><br>Plaintiffs,<br><br>v.<br><br>JAVAID ZAFAR; METROPOLITAN DEVELOPMENT FIRM, INC.; EINTELIGENCETECH CORP.; and ARCHER BANK;<br><br>Defendants. | Case No. 12-CV-1723<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

On March 9, 2013, Plaintiffs Mir S. Iqbal; SF Fuel, LLC ("SF Fuel"); and Sunshine Group Travel Center, Inc. ("Sunshine Group") filed a Verified Complaint against Defendants Javaid Zafar; Metropolitan Development Firm, Inc. ("MDF"); Einteligencetech Corp.; and Archer Bank. In the Verified Complaint, Plaintiffs allege three claims: (I) a civil violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against Zafar; (II) a breach of contract on the part of Zafar and his companies, MDF and Einteligencetech; and (III) negligence on the part of Archer Bank. Archer Bank moves for judgment on the pleadings and seeks the entry of judgment in its favor as to Count III of the Verified Complaint. For the reasons provided below, the Motion is granted.

### BACKGROUND

The following facts are drawn from the Verified Complaint and are accepted as true for purposes of this Motion. *See Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). Iqbal is an Illinois resident who owns Illinois corporations SF Fuel and Sunshine Group.

(Compl. ¶ 7.) Zafar is also an Illinois resident and owns MDF and Einteligencetech. (*Id.* ¶ 8.) Archer Bank is an Illinois company. (*Id.* ¶ 9.) Jurisdiction exists pursuant to 28 U.S.C. § 1331(a).

In May 2010, SF Fuel entered into a Property Management Agreement for MDF to operate and manage a gas station, convenience store, and restaurant ("the Business") at 503 N. Oakwood Avenue in Oakwood, Illinois ("the Property"). (*Id.* ¶ 1.) An unexecuted copy of the Property Management Agreement is attached to the Verified Complaint and identified as Exhibit A.[1] In the Agreement, MDF is named as the "Manager" of the Business. (Compl. Ex. A.) According to the Verified Complaint, Zafar was supposed to reduce his salary from $8,000.00 per month to $4,000.00 per month after the first four months of operation if the Business's net profits did not meet requirements set out in the Agreement. (*Id.* ¶ 11.) Zafar failed to reduce his salary as he was required. (*Id.*) Additionally, Zafar failed to disclose the details of $480,000.00 in improvements, as was required under the Agreement.[2] (*Id.* ¶ 12.) Zafar also used Sunshine Group's checks for personal use. (*Id.* ¶ 15.)

Count I of the Verified Complaint is asserted against Zafar and alleges he committed a civil RICO violation, under 18 U.S.C. § 1962(c), by engaging in racketeering activities. (*Id.* ¶¶ 17-18.) A default judgment order was entered against Zafar on May 2, 2013. (Dkt. Nos. 22-24.) Count II of the Verified Complaint is a Breach of Contract claim against Zafar "and his Companies," which are named as MDF and Einteligencetech Corp. (Compl. ¶¶ 8, 22.) A default

---

[1] The parties do not contest the validity of the Agreement, and therefore, it will be considered as valid for purposes of this ruling.

[2] The facts alleged in the Verified Complaint do not appear to comport with the supporting Property Management Agreement, which names MDF, rather than Zafar, as the Manager of the business and would perhaps indicate that these management duties fell to MDF, rather than Zafar.

judgment order was entered against MDF on May 2, 2013, as well. (Dkt. Nos. 22-24.) Plaintiffs, perhaps realizing that Einteligencetech Corp. was not a party to the Property Management Agreement, moved to withdraw the breach of contract claim against Einteligencetech Corp., and that motion was also granted on May 2, 2013.

Count III of the Complaint, at issue in Archer Bank's pending motion, asserts that Archer Bank had a duty to hire reasonable management and properly supervise the management's operation of Plaintiffs' Business and failed in this duty, injuring Plaintiffs. (Compl. ¶¶ 27-28.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings after a complaint and answer have been filed. Dismissal under Rule 12(c) is appropriate where "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012) (quoting *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)). A court reviewing a Rule 12(c) motion applies the same standard used to review a Rule 12(b)(6) motion. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 632 (7th Cir. 2007). Detailed factual allegations are not required, but the claim alleged must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A complaint that invokes a recognized legal theory and contains plausible allegations on the material issues cannot be dismissed." *Intercon Solutions, Inc. v. Basel Action Network*, Case No. 12 C 6814, 2013 WL 4552782, at *24 (N.D. Ill. Aug. 28, 2013) (citing *Richards v. Mitcheff*, 696 F.3d 635, 647 (7th Cir. 2012)).

**ANALYSIS**

After filing an Answer to the Verified Complaint, Archer Bank moves for judgment on the pleadings, on the basis that Archer Bank was a creditor of Plaintiffs and, therefore, owes Plaintiffs no fiduciary duty. Archer Bank contends it had no duty to hire or supervise MDF or its employees as a lender and cannot be found to be negligent.

In the Verified Complaint, Plaintiffs allege "Archer Bank had a duty to hire reasonable management and properly supervise the management's operation of Plaintiffs' Business" and that "Archer Bank failed in its duty." (Compl. ¶¶ 27-28.) In the unsigned Property Management Agreement attached to the Verified Complaint, Archer Bank is named as the "Lender." (Compl. Ex. A at 1.) Additionally, in Archer Bank's Answer, it attached a "Forbearance Agreement" between Archer Bank and Plaintiffs, which names Archer Bank as the Lender on a Promissory Note. (Answer Ex. A.) For purposes of a motion for judgment on the pleadings, "[t]he pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452-53 (7th Cir. 1998) (collecting cases and noting that written instruments can include letters, contracts, and loan documentation).

Other than Plaintiffs' vague assertion that Archer Bank had a duty to hire reasonable management of property and violated this duty, Plaintiffs assert no facts to demonstrate that any such duty existed. Moreover, the documents attached to the pleadings, including the Property Management Agreement and the Forbearance Agreement, further support Archer Bank's position that it was merely a lender to Plaintiffs and owed no other fiduciary duties to Plaintiffs regarding hiring practices. The Forbearance Agreement provides, in pertinent part: "All fees and expenses of [MDF] shall be solely the responsibility of Borrower and in no event shall

4

Lender have any liability or responsibility for the payment of any such fees or expenses, nor shall Lender have any obligation or liability to Borrower or any other person by reason of any acts or omissions of [MDF]." (Answer Ex. A ¶ 4.1.)[3] Considering this term of agreement between Plaintiffs and Archer Bank, it is apparent that Archer Bank owed no duties to Plaintiffs regarding any acts or omissions on the part of MDF, let alone Zafar.

Under Illinois law, for a plaintiff to state a claim of negligence, a plaintiff must allege duty, breach, proximate cause, and damages. *See Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 703 (7th Cir. 2009). The cursory description of Archer Bank's role in the actions that are alleged to have transpired according to the Verified Complaint is inadequate to establish the possibility that Archer Bank may be held liable for negligence. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs fail to allege any facts beyond the formulaic recitation of the elements of a negligence claim. Additionally, the documents provided in support of the pleadings demonstrate that no duty regarding the hiring and management of the Business existed with respect to Archer Bank. For that reason, Archer Bank's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is granted, and Count III of the Verified Complaint is dismissed.

---

[3] This language, which is found in the Forbearance Agreement, is also quoted in Archer Bank's Motion. The Forbearance Agreement provided with the Answer is barely legible; however, Plaintiffs do not object to the reliance on this language in their Response, and it is accepted as true for purposes of this Motion.

## CONCLUSION

For the reasons set forth above, Archer Bank's Motion for Judgment on the Pleadings is granted, and Count III of the Verified Complaint against Archer Bank is dismissed.

Date: October 9, 2013                  _____
                                                    JOHN W. DARRAH
                                                    United States District Court Judge