UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIR S. IQBAL, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 12-cv-1723 |
| | ) |
| JAVAID ZAFAR, *et al.*, | ) Judge John W. Darrah |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Mir S. Iqbal; SF Fuel, LLC ("SF Fuel"); and Sunshine Group Travel Center ("Sunshine"), filed a Complaint against Defendants Javaid Zafar; Archer Bank; Metropolitan Development Firm, Inc. ("Metropolitan"); and Einteligencetech Corp. ("Einteligencetech"), alleging breach of contract, common law fraud, conversion, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") § 1962(c). Defendants Zafar and Metropolitan move to dismiss Counts I and II pursuant to Federal Rules of Civil Procedure 12(b)(6).

### BACKGROUND

The following is taken from the Complaint, which is assumed to be true for the purposes of a motion to dismiss. *See Reger Dev., LLC v. Nat'l City Bank,* 592 F.3d 759, 763 (7th Cir. 2010). Plaintiff Iqbal is an Illinois resident who owns the Illinois corporations SF Fuel and Sunshine. (Compl. at ¶ 7.) Defendant Zafar is an Illinois resident who owns the Illinois corporations Metropolitan and Einteligencetech. (*Id.* at ¶ 8.) In May 2010, Plaintiff SF Fuel entered into a Property Management Agreement (the "Agreement") with Metropolitan to operate and manage a gas station, convenience store, and restaurant (the "Business") at 503 N. Oakwood Ave., Oakwood, IL 61858. (*Id.* at ¶ 10.)

Zafar operated three enterprises for thirteen months: Sunshine, Metropolitan, and Einteligencetech. (*Id.* at ¶ 18.) Under the Agreement, Zafar was required to reduce his monthly salary from $8,000 to $4,000 after the first four months if net profits did not reach a certain amount. (*Id.* at ¶ 11). Zafar did not reduce his salary for thirteen months.[1] (*Id.*) Zafar did not disclose the details of $480,000 in improvements and kept no records or verifications of the costs, even though he was required to do so by the Agreement. (*Id.* at ¶12.) Zafar used business checks from Sunshine for personal use. (*Id.* at ¶ 15.) The calculations of profit and loss for the Business failed to reflect Zafar's $8,000 salary, failed to show the checks written from his company in a check kiting scheme, and underreported sales. (*Id.* at ¶ 14.) Zafar also failed to report and pay the full sales taxes to the Illinois Department of Revenue. (*Id.*)

Plaintiffs filed the present Complaint on March 9, 2012. (Compl.) Plaintiffs' motion for default judgment against Zafar and Metropolitan and to withdraw the claim against Einteligencetech was granted on May 2, 2013. (Dkt. 22.) Count III of the Complaint, alleging negligence against Archer Bank, was dismissed on October 9, 2013, after Archer Bank filed a Motion for Judgment on the Pleadings. (Dkt. 34.) Zafar and Metropolitan's Motion to Vacate the Default Judgment was granted on August 14, 2014. Zafar and Metropolitan filed a Motion to Dismiss Counts I and II of the Complaint for failure to state a claim on September 5, 2014. (Dkt. 59).

---

[1] It is unclear why Zafar would be required to reduce his salary in the first four months since that would violate the terms of the Agreement.

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A complaint must allege enough facts to support a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). All well-pleaded allegations are presumed to be true, and all inferences are read in the light most favorable to the plaintiff. *Lavalais v. Village of Melrose Park,* 734 F.3d 629, 632 (7th Cir. 2013). This presumption is not extended to 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.' *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009)). The complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555).

## ANALYSIS

*Count I - RICO*

Plaintiffs allege that Zafar violated RICO, specifically § 1962(c). Section 1962(c) provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

3

18 U.S.C. § 1962(c). "To state a claim under § 1962(c), a RICO plaintiff must show the '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 644 (7th Cir. 1995) (quoting *Sedima, S.P.R.L. v. Imrex Co. Inc.*, 473 U.S. 479, 496 (1985)). In order for Plaintiffs to sue under RICO, they must show that any violations were not only a "but for" cause of an injury but also the proximate cause. *See Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457 (citing *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268 (1992)).

<u>Racketeering Activity</u>

Plaintiffs allege that the racketeering activity consisted of failure to report sales, failure to pay sales taxes, conversion, and check kiting. Failure to report sales under the Business Agreement is a breach of contract claim, which is not racketeering activity under RICO. *See Carr v. Tillery*, 591 F.3d 909, 918 (7th Cir. 2010) (holding breach of contract claim cannot be transmogrified into a RICO claim by claiming that the breach was fraudulent). The failure to pay sales taxes may give the state a cause of action against Defendants under RICO, but Plaintiffs have not alleged that the failure to pay sales taxes was the proximate cause of any injury. *See Anza*, 547 U.S. at 457. Furthermore, to the extent that the failure to pay sales taxes is a breach of contract, it cannot be turned into a RICO claim simply by claiming the conduct was fraudulent. *See Carr*, 591 F.3d at 918. "[C]onversion is not a *per se* RICO predicate act because it is not one of the listed racketeering activities under 18 U.S.C. § 1961(1)." *McDonald v. Schencker*, 18 F.3d 491, 495 (7th Cir. 1994). Nor does Iqbal plead that Zafar intentionally

4

misled him or that there was any scheme to defraud.[2] The conversion allegation is not a predicate act for RICO.

Check kiting is a predicate act for RICO liability under the bank fraud statute, 18 U.S.C. § 1344(1). *United States v. Doherty*, 969 F.2d 425, 429 (7th Cir. 1992). However, "[i]n order for the bank fraud statute to apply, the fraud must be against the bank." *Bressner v. Ambroziak*, 279 F.3d 478, 482 (7th Cir. 2004). Plaintiffs have not alleged that check kiting was the "but for" or proximate cause of any injury to them. *See Anza*, 547 U.S. at 457. The alleged check kiting is not a predicate act for RICO.

Plaintiffs have not sufficiently alleged that any of the state law claims or the check kiting claim serve as a predicate offense for RICO.

Enterprise

An enterprise "must be more than a group of people who get together to commit a pattern of racketeering activity . . . and more than a group of associated businesses that are operated in concert under the control of one family." *Richmond*, 52 F.3d at 645 (internal quotations and citations omitted.) For RICO purposes, an enterprise must have a structure and goals separate from the predicate acts themselves. *See Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000) (quoting *United States v. Masters*, 924 F.2d 1362, 1367 (7th Cir.1991)). Plaintiff has not alleged that there were any other parties involved other than Zafar, Metropolitan, and Einteligencetech. And Zafar is the owner of Metropolitan and

---

[2] Plaintiffs only mention "common law fraud" once in the Complaint and do not specifically allege fraud on the part of any Defendant.

Einteligencetech. (Compl. at ¶ 9.) Furthermore, only Zafar is alleged to have committed any of the predicate offenses. The Complaint does not allege any structure or any goals separate from the predicate acts themselves. Plaintiffs have not sufficiently alleged an enterprise for RICO purposes.

Pattern

In order to establish a pattern of activity, a civil RICO plaintiff must satisfy "the so-called 'continuity plus relationship' test: the predicate acts must be related to one another (the relationship prong) and pose a threat of continued criminal activity (the continuity prong)." *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1022 (7th Cir. 1992) (citing *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 (1989); *Sedima, S.P.R.L.*, 473 U.S. at 496, n.14). Plaintiffs must show: "(1) . . . a closed-ended conspiracy that existed for such an extended period of time that a threat of future harm is implicit, or (2) an open-ended conspiracy that, while short-lived, shows clear signs of threatening to continue into the future." *Midwest Grinding Co.*, 976 F.2d at 1023.

Since the claims can only have lasted for the thirteen months Defendants were managing the Business, any conspiracy must be closed-ended. Once Defendants were no longer managing the Business, there was no threat of continued criminal activity; and Plaintiffs have not alleged that these activities were Defendants' regular course of business. *See Midwest Grinding*, 976 F.2d at 1023. A court analyzes the following factors in determining whether an alleged pattern qualifies under the closed-ended continuity test: "(1) the number and variety of predicate acts; (2) the length of time over which they were committed; (3) the number of victims; (4) the

6

presence of separate schemes; and (5) the occurrence of distinct injuries." *Guaranteed Rate, Inc. v. Barr*, 912 F. Supp. 2d 671, 689 (N.D. Ill. 2012) (citing *Morgan v. Bank of Waukegan*, 804 F.2d 970, 975 (7th Cir. 1986)). The length of time over which the alleged fraudulent acts were committed does not point to continuity. *See Marshall Intern., Inc. v. Redstart, Inc.*, 935 F.2d 815, 821 (7th Cir.1991) (thirteen-month time period having a single scheme with a single victim insufficient); *Starfish Inv. Corp. v. Hansen*, 370 F.Supp.2d 759, 776 (fourteen-month time period alleging arguably one type of predicate conduct). Nor do any of the other factors point to continuity.

Essentially, this Complaint alleges that Zafar defrauded and stole from Iqbal and Iqbal's companies, SF Fuel and Sunshine, over thirteen months. This is not the type of lengthy fraudulent or criminal scheme against multiple victims that the RICO statue contemplates. Count I is dismissed with prejudice.

*Subject Matter Jurisdiction*

Plaintiffs' Complaint alleges that this Court has federal subject matter jurisdiction due to the RICO claim. As that claim has been dismissed, there is no federal question pending before the Court. There is also a lack of diversity between the parties, as all are Illinois residents or Illinois corporations. Therefore, the remaining state law claims are dismissed without prejudice. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (". . . if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.")

## CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss [59] is granted. Count I is dismissed with prejudice. As the dismissal of Count I disposes of all federal claims, Count II is dismissed without prejudice to re-file in state court.

Date:     January 14, 2015    

JOHN W. DARRAH
United States District Court Judge